UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARQUESE JERRODDA ALLEN,

v.                          Case No. 8:18-cr-526-VMC-TGW
                                     8:22-cv-909-VMC-NHA

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Marquese Jerrodda Allen's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 124), filed on April 19, 2022. The United States of America responded on August 1, 2022. (Civ. Doc. # 10). Mr. Allen filed a motion to amend and supplement his Motion on August 5, 2022. (Civ. Doc. # 11), and the United States filed two responses to the supplement on August 22, 2022, and August 11, 2023. (Civ. Doc. ## 13, 18). For the reasons that follow, the Motion is denied.

I.    **Background**

On November 21, 2019, a grand jury returned a superseding indictment charging Mr. Allen with one count of possession of a firearm and ammunition by a convicted felon. (Crim. Doc. # 68). Following a bench trial on December 2, 2019, in which

1

the parties stipulated to the facts, the Court found Mr. Allen guilty. (Crim. Doc. # 79).

As stipulated by the parties, "[o]n July 14, 2018, a woman phoned authorities stating that a man had just pulled a silver-and-black pistol on her and threatened her life." (Crim. Doc. # 72 at 1). Police officers responded to the motel where this had taken place and arrested Mr. Allen. (Id. at 1-2). Then, a maid entered Mr. Allen's room and "found a silver and black pistol and alerted an officer, who was standing inside the room." (Id. at 2). While this was occurring, Mr. Allen was handcuffed in the back of a police car, and "made a spontaneous statement: He denied ever pointing his gun at the victim, but admitted to moving his gun while speaking with the victim in his room." (Id.) Finally, "[a]t the time that the defendant possessed the above-noted firearm and ammunition on July 19, 2018, he knew that he was a convicted felon." (Id. at 3).

Prior to trial, Mr. Allen's counsel, Bryant Scriven, filed a motion to suppress the evidence obtained from the government's search of the motel room. (Crim. Doc. # 39). In the motion, Mr. Allen argued that the police officer who accompanied the maid into the motel room, Officer Corinna Branley, violated his Fourth Amendment rights by doing so

2

because he had a "reasonable expectation of privacy" in the room and Officer Branley entered without a warrant or exigent circumstances. (Id. at 5). Mr. Allen also argued that the maid's search of his bag that contained the firearm was a violation of his Fourth Amendment rights. (Id. at 9-10).

In an affidavit attached to the government's response to this Motion, Mr. Scriven avers that he had "lengthy discussions" with Mr. Allen regarding the suppression hearing and "discussed how the maid could possibly add value to our case or undermine it." (Civ. Doc. # 10-1 at 3). He claims further that "[m]y office as well as the public defender's office (prior to my appointment), attempted to locate this witness to speak with her but was unsuccessful." (Id.). As such, Mr. Scriven notes that he "explained to Mr. Allen that the information we had about the maid's involvement, (through deposition of Ofc. Branley), was neutral to our position and he agreed to proceed with the [suppression] hearing." (Id.).

On August 27, 2019, Magistrate Judge Thomas G. Wilson held an evidentiary hearing on the suppression motion. (Crim. Doc. # 117). Officer Branley testified that she interacted with the maid as the maid was about to enter Mr. Allen's motel room to clean the room and remove his items (Id. at 62:16-63:7). She testified that the maid "was nervous" and that she

offered to accompany the maid into the room, to which the maid said "yes, I would like you stand in the room." (Id. at 63:1-7). Officer Branley testified that she did not search anything while in the room, nor did she tell the maid to search for anything. (Id. at 66:8-67:12). She then described how she observed the maid go into his bag, locate the gun, and then alert her about the gun. (Id. at 67:21-68:8). Officer Branley then told the maid "not to touch it, and then [she] called for a crime scene technician to come and take a picture of the gun and process it." (Id. at 68:4-13).

On October 7, 2019, Magistrate Judge Wilson issued a report and recommendation recommending that the motion to suppress be denied. (Crim Doc. # 59). Magistrate Judge Wilson found that the motel owner's decision to evict Mr. Allen from the motel following his arrest terminated whatever reasonable expectation of privacy Mr. Allen possessed as to the room. (Id. at 12-13). Magistrate Judge Wilson also determined that the maid was not acting as a government agent when she found the firearm so that the seizure of the firearm was not a Fourth Amendment violation. (Id. at 20). Mr. Allen filed an objection to the report and recommendation. (Crim. Doc. # 63). This Court overruled the objection, and accepted and

adopted the report and recommendation on November 7, 2019. (Crim. Doc. # 65).

After Mr. Allen was found guilty, a Presentence Investigation Report was created. (Crim. Doc. # 88). In the report, Mr. Allen received a four-level enhancement because he possessed the firearm in connection with another offense — the aggravated assault of the victim. (Id. at 6). The report additionally concluded that Mr. Allen qualified as an armed career criminal and was subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) because he had at least three prior convictions for a violent felony or serious drug offense. (Id.). The report identified four such offenses: Sale of Cocaine on December 20, 1994; Sale of Cocaine on September 11, 1998; Sale of Cocaine on September 22, 2004; and Sale or Delivery of Cocaine (two counts) on February 4, 2013. (Id. at 6-7). Mr. Allen objected to both the enhancement and the ACCA designation. (Id. at 34-36). As to the ACCA designation, Mr. Allen argued that a then-upcoming decision in Shular v. United States, 589 U.S. 154 (2020), could impact whether the sale or possession of controlled substances could serve as predicate offenses under ACCA. (Id. at 46).

By the time of sentencing, the Supreme Court had issued its decision in Shular, and Mr. Scriven acknowledged that Mr.

Allen's prior drug offenses still qualified as predicate offenses under ACCA after <u>Shular</u>. (Crim. Doc. # 155 at 6:10-15). Yet, Mr. Allen still maintained his objection to the ACCA designation, as well as to the four-level enhancement. (<u>Id.</u> at 5:24-6:15). The Court overruled both objections. (<u>Id.</u> at 44:21-45:9). The Court sentenced Mr. Allen to 200 months of incarceration. (Crim. Doc. # 104).

Mr. Allen appealed his conviction, arguing that the Court erred in denying his suppression motion. (Crim. Doc. # 122). The Eleventh Circuit Court of Appeals affirmed his conviction, holding that Mr. Allen lacked a reasonable expectation of privacy in the motel room, and that the maid was not acting as a government agent. (<u>Id.</u> at 9, 11).

On April 19, 2022, Mr. Allen filed his pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 124). The government responded on August 1, 2022. (Civ. Doc. # 10). On August 5, 2022, Mr. Allen filed a motion to amend and supplement his 2255 Motion. (Civ. Doc. # 11). The government responded to the motion to amend and supplement on August 22, 2022, requesting that the Court hold Mr. Allen's 2255 Motion in abeyance pending the Eleventh Circuit's decision in <u>United States v. Jackson</u>, 55 F.4th 846 (11th Cir. 2022). (Civ. Doc. # 13). On December 27, 2022, Mr.

6

Allen filed a motion to hold his 2255 Motion in abeyance, pending the Eleventh Circuit's decision in <u>Jackson</u>. (Civ. Doc. # 14). On February 27, 2023, the government filed a status report, indicating that the Eleventh Circuit had issued its decision in <u>Jackson</u>. (Civ. Doc. # 15). On June 29, 2023, the Court ordered Mr. Allen to file an amended motion addressing the effect of <u>Jackson</u> on his underlying conviction within thirty days. (Civ. Doc. # 16). Mr. Allen never filed an amended motion, but the government, after Mr. Allen's filing deadline had passed, filed a supplemental response addressing the effect of <u>Jackson</u> on Mr. Allen's underlying conviction. (Civ. Doc. # 18). Accordingly, the Motion is now ripe for review.

## II.  <u>Legal Standard</u>

Mr. Allen bears the burden of proving that he is entitled to relief under Section 2255. <u>See</u> <u>LeCroy v. United States</u>, 739 F.3d 1297, 1321 (11th Cir. 2014) ("[O]n a § 2255 petition, [the burden of proof] belongs to the petitioner."). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." <u>Lynn v. United States</u>, 365 F.3d 1225, 1234-35 (11th Cir. 2004). A

petitioner "can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Id. "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. (internal quotations and citations omitted). However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Allen must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel were outside the wide range of professionally competent assistance." Chandler v. United States, 218 F.3d 1305, 1314

8

(11th Cir. 2000) (internal citations and quotations omitted). In other words, Mr. Allen must show that "no competent counsel would have taken the action that [his] counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Allen must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

"[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." Brownlee v. Haley, 306 F.3d 1043, 1060 (11th Cir. 2002) (citation omitted). "The decision whether to present a line of defense, or even to investigate it, is a matter of strategy and is not ineffective unless the

9

petitioner can prove that the chosen course, in itself, was unreasonable." Id. (internal quotation and citation omitted).

Additionally, "[i]n cases where the files and records make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984).

### III. **Analysis**

Mr. Allen organizes his claims into four grounds. (Civ. Doc. # 1). These grounds are: his counsel was ineffective in his challenge of Mr. Allen's ACCA designation (Ground 1); his counsel was ineffective for failing to subpoena and call as a witness the maid from the motel (Ground 2); his due process rights were violated because Officer Branley committed perjury in her testimony (Ground 3); and that the cumulative errors by his counsel denied Mr. Allen's right to a fair trial (Ground 4). (Id.). The Court analyzes each of these grounds in turn.

####    A.    **Ground 1**

Mr. Allen claims that his counsel was ineffective for failing to challenge his ACCA designation on the basis that the government failed to identify which three prior felonies the government was basing the designation upon, and had

counsel forced the government to do so, he then could have proven that the ACCA enhancement should not apply. (Id. at 4-8). The government responds that the ACCA designation was properly applied to Mr. Allen, such that his counsel could not have been ineffective for failing to raise a meritless argument. (Civ. Doc. # 10 at 11-12). The Court agrees with the government that this claim is meritless.

Under 18 U.S.C. § 924(e)(1), an individual is an armed career criminal if he "violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense." A "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Mr. Allen was found guilty of § 922(g)(1). (Crim. Doc. # 79). The report identified four prior offenses which applied as serious drug offenses under § 924(e)(1): Sale of Cocaine on December 20, 1994; Sale of Cocaine on September 11, 1998; Sale of Cocaine on September 22, 2004; and Sale or Delivery of Cocaine (two counts) on February 4, 2013. (Crim. Doc. # 88

11

at 6-7). Thus, the ACCA designation was properly applied to Mr. Allen.

The Eleventh Circuit's decision in United States v. Jackson, 55 F.4th 846 (11th Cir. 2022), aff'd sub nom. Brown v. United States, 602 U.S. 101 (2024), does not alter this conclusion. Jackson held that courts should "read ACCA's definition of a 'serious drug offense' under state law to incorporate the version of the federal controlled-substances schedules in effect when Jackson was convicted of his prior state drug offenses." 55 F.4th at 855. Ioflupane, a cocaine derivate, was removed from the federal drug schedule in 2015. See Schedules of Controlled Substances: Removal of Ioflupane from Schedule II of the Controlled Substances Act, 80 Fed. Reg. 54,715 (Sept. 11, 2015). Mr. Allen's predicate drug offenses for cocaine occurred in 1994, 1998, 2004, and 2013. (Crim. Doc. # 88 at 6-7). Because each of these offenses occurred before the 2015 removal of ioflupane from the federal drug schedule and the Court must apply the "federal controlled substances schedules in effect" at the time of the offenses, each conviction qualifies as a serious drug offense. Jackson, 55 F.4th at 855.

Although neither party has raised this issue, the Court finds it necessary to address the Supreme Court's recent

decision in Erlinger v. United States, 602 U.S. 821 (2024).
Erlinger held that the question of whether predicate offenses
occurred on separate occasions is a question of fact that
must be determined by a unanimous jury beyond a reasonable
doubt. 602 U.S. at 834-35. However, this Court and other
courts in this District have held that Erlinger does not apply
retroactively in Section 2255 proceedings. Stackhouse v.
United States, 8:18-cv-772-VMC-TGW, 2024 WL 5047342, at *7
(M.D. Fla. Dec. 9, 2024); Grant v. United States, No. 8:24-
cv-2029-WFJ-CPT, 2024 WL 4729193, at *4 (M.D. Fla. Nov. 8,
2024). Therefore, Erlinger does not affect the Court's
conclusion that the ACCA designation was properly applied to
Mr. Allen.

    Mr. Allen also claims that the government needed to
explicitly identify which three of the four prior convictions
it was relying upon to apply the ACCA designation. He cites
no precedent to support this claim. Mr. Allen's counsel could
not have been ineffective for failing to raise an unsupported
legal argument. See Rambaran v. Sec'y, Dep't of Corr., 821
F.3d 1325, 1334 (11th Cir. 2016) ("[R]easonably effective
representation cannot and does not include a requirement to
make arguments based on predictions of how the law may
develop." (internal quotations omitted)); Brownlee, 306 F.3d

13

at 1060 ("The decision whether to present a line of defense,
or even to investigate it, is a matter of strategy and is not
ineffective unless the petitioner can prove that the chosen
course, in itself, was unreasonable." (internal quotation and
citation omitted)).

Therefore, this claim fails.

**B.    Ground Two**

Mr. Allen next argues that his counsel was ineffective
for failing to subpoena the maid from the hotel for the
suppression hearing. (Civ. Doc. # 1 at 9-15). The government
responds that counsel was not deficient for failing to
subpoena the maid, and that even if his counsel was deficient,
Mr. Allen cannot establish prejudice because the maid's
testimony would not have changed the result of the suppression
hearing. The Court agrees with each of the government's
arguments.

Mr. Scriven's decision not to subpoena and call the hotel
maid as a witness for the suppression hearing was reasonable.
Mr. Scriven explained his rationale for not calling the maid
to Mr. Allen and obtained his agreement to not call the maid.
See (Doc. # 10-1 at 3) ("I explained to Mr. Allen that the
information we had about the maid's involvement . . . was
neutral to our position and he agreed to proceed with the

hearing on the Motion to Suppress without her."). Thus, Mr. Scriven's decision not to call the maid as a witness was strategic, as he could not locate the witness and had concluded that her testimony would have been "neutral" to the success of the motion to suppress. Id. Given this well-reasoned determination, the Court finds that Mr. Scriven's decision not to call the maid, which Mr. Allen agreed to, did not constitute deficient performance. See Conklin v. Schofield, 366 F.3d 1191, 1204 (11th Cir. 2004) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess."); Brownlee, 306 F.3d at 1060 ("The decision whether to present a line of defense, or even to investigate it, is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable." (internal quotation and citation omitted)).

Even if Mr. Allen could establish that Mr. Scriven performed deficiently by failing to call the maid, he suffered no prejudice from this failure. See Strickland, 466 U.S. at 687 (requiring petitioners to establish both deficient performance and prejudice to prove a claim of ineffective assistance of counsel). Magistrate Judge Wilson held that

15

"[a]ny reasonable expectation of privacy the defendant had in room 118 was eliminated when the motel owner evicted the defendant for threatening a motel guest with a gun." (Crim. Doc. # 59 at 13). Accordingly, Magistrate Judge Wilson concluded that Mr. Allen "did not have standing to complain about Officer Branley's entry into the hotel room." (Id. at 17). The Eleventh Circuit agreed with this conclusion on appeal. (Crim. Doc. # 122 at 9). Therefore, regardless of the maid's testimony, Mr. Allen still would have lacked standing to assert his claim for suppression.

Having failed to establish both deficient performance and prejudice by his counsel, this claim fails.

C.    **Ground Three**

Mr. Allen claims that Officer Branley committed perjury in her testimony at the suppression hearing, such that his due process rights were violated. (Civ. Doc # 1 at 16-20). The government responds that this claim is procedurally defaulted because Mr. Allen failed to raise this claim in his direct appeal. (Civ. Doc. # 10 at 6-9). The Court agrees.

Mr. Allen did not raise this claim in his direct appeal. See United States v. Allen, 20-12484, at Doc. # 15 (11th Cir. October 15, 2020). Accordingly, he has procedurally defaulted on this claim. See Lynn, 365 F.3d at 1234-35 ("[A] defendant

16

generally must advance an available challenge to a criminal
conviction or sentence on direct appeal or else the defendant
is barred from presenting that claim in a § 2255
proceeding."). Mr. Allen must then satisfy one of the two
exceptions to the procedural default rule: he "must show cause
for not raising the claim of error on direct appeal *and* actual
prejudice from the alleged error"; or he must show that "a
constitutional violation has probably resulted in the
conviction of one who is actually innocent." (Id.).

Mr. Allen claims that he failed to raise this claim in
his direct appeal because his counsel, despite having been
provided with the alleged facts demonstrating Officer
Branley's perjury, "disregarded" those facts. (Civ. Doc. # 1
at 16). Mr. Allen "can establish cause by showing that a
procedural default was caused by constitutionally ineffective
assistance of counsel under Strickland." Fortenberry v.
Haley, 297 F.3d 1213, 1222 (11th Cir. 2002).

However, Mr. Allen has not established a valid claim of
ineffective assistance of counsel. In his report and
recommendation, Magistrate Judge Wilson held that he "fully
credit[ed] the testimony of Officer Branley. Her testimony
was unequivocal and forthright. There was nothing about
Officer Branley's demeanor or responses that suggested

deception." (Crim. Doc. # 59 at 9). On appeal, Magistrate Judge Wilson's credibility determination would be entitled to deference. See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses."). Thus, even if Mr. Allen had raised this argument in his direct appeal, the argument likely would have failed. Mr. Allen's counsel was not ineffective for having failed to raise the argument on appeal. Accordingly, there was no cause for Mr. Allen's failure to raise these arguments on appeal. See Lynn, 365 F.3d at 1234-35 (requiring both cause and prejudice to excuse a procedural default).

Mr. Allen also cannot meet the second possible exception to a procedural default that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. "[A]ctual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Mr. Allen stipulated to possessing a firearm and ammunition and to knowing that he was a convicted felon. (Crim. Doc. # 72 at 3). Thus, the Court does not find

any evidence of actual innocence in the record. Accordingly, Mr. Allen cannot establish the second exception for his procedural default.

Having failed to establish both exceptions for his procedural default, the Court denies this claim as procedurally defaulted.

### D.  **Ground Four**

Mr. Allen claims that the cumulative errors of his counsel justify a vacatur of his conviction. (Civ. Doc. # 1 at 20-22). The Court disagrees.

As analyzed above, Mr. Allen has failed to establish any errors by his counsel. Therefore, there can be no cumulative error. See United States v. Lozano, 711 F. App'x 934, 941 (11th Cir. 2017) ("[Defendant] cannot show cumulative error denied him a fundamentally fair trial because . . . he has not shown an individual error occurred."). This claim fails.

## IV.  **Evidentiary Hearing**

As the Court has readily concluded that the Motion lacks merit, the Court declines to hold an evidentiary hearing on Mr. Allen's 2255 Motion. See Lagrone, 727 F.2d at 1038 (holding that courts need not hold evidentiary hearings in § 2255 actions when the lack of merit is "manifest").

## V.    **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Mr. Allen has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Allen to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Allen shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    Marquese Jerrodda Allen's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 124) is **DENIED.**

(2)    Mr. Allen's Motion for Issuance of a Show Cause Order (Civ. Doc. # 21) is **DENIED** as moot.

(3)    The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of March, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE